PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:    (818) 883-4900
Fax:          (818) 883-4902
Email:        peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
Los Angeles, CA 90023
Telephone:    (213) 599-8255
Fax:          (213) 402-3949
Email:        lonnieblanchard@gmail.com

JEFFREY D. HOLMES (SBN 100891)
HOLMES LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:    (310) 396-9045
Fax:          (970) 497-4922
Email:        jeffholmesjh@gmail.com

Attorneys for Plaintiff Robert Stone

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Stone, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Sterling Infosystems, Inc., a Delaware corporation, and Does 1 through 10,<br><br>    Defendants. | **Case No.**<br>**CLASS ACTION**<br><br>**Complaint and Demand for Jury Trial** |

Plaintiff Robert Stone ("Plaintiff") alleges:

1. This class action alleges that certain policies and practices followed by Defendant Sterling Infosystems, Inc. and the Doe Defendants in furnishing consumer reports for employment

**Complaint**

1

purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violated Section 1681b(b) of the FCRA by furnishing consumer reports for employment purposes before obtaining the required certifications required thereunder.

## JURISDICTION AND VENUE

2. The Court has jurisdiction under 15 U.S.C. Section 1681p.
3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendant regularly does business in this district.

## PARTIES

4. Robert Stone ("Plaintiff") is a "consumer" protected by the FCRA.
5. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."
6. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."
7. Defendant Sterling Infosystems, Inc. ("Sterling") is believed to be a Delaware corporation. Sterling is a "person" as defined by the FCRA. At all times relevant hereto, Sterling was a "consumer reporting agency" governed by the FCRA. During the relevant time, Sterling was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681(d), to third parties, including US Security Associates for employment purposes. Sterling furnished consumer reports to US Security Associates concerning Plaintiff and other class members and also furnished consumer reports to other persons concerning class members for employment purposes.
8. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that

**Complaint**

the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

9. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

**First Claim for Relief against Defendant Sterling and Does 1 through 10**

**Violation of the FCRA Section 1681b(b)(1)**

10. Plaintiff realleges all of the preceding paragraphs.

11. On or about February 21, 2014, US Security Associates procured or caused to be procured a consumer report regarding Plaintiff from Defendant Sterling.

12. Defendant Sterling violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes to US Security Associates and others without first obtaining from US Security Associates and other persons to whom it furnished such reports a certification by such person as to each consumer report it furnished to such person that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

13. Defendants knew or should have known about their legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report from the agency certifies to the agency that-- (i) the person *has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." (Emphasis added.)

14. By failing to obtain the required specific certification from US Security Associates and other persons to whom Defendants furnished consumer reports as to each consumer report provided *before* providing the specific consumer report that was the subject of the certification, Defendants violated the express requirement of Section 1681(b)(1).

15. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA. Defendants obtained or had available substantial written materials that apprised them of their duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations.

16. Despite knowing of these legal obligations, Defendants intentionally or recklessly acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA. Plaintiff believes that Defendants did not obtain proper and valid certifications before providing consumer reports to those persons to whom they were provided because Defendants did not want to incur the expenses associated with obtaining such certifications as to each consumer whom a consumer report was generated and provided by Defendants.

17. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section

**Complaint**

1681n and Section 1681o.

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of the classes initially defined as follows:

> **Sterling Class**
>
> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Sterling Infosystems, Inc. furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without first obtaining from the person to whom Sterling Infosystems, Inc. furnished such consumer report a certification that such person had complied with its obligations under Section 1681b(b)(2) as to the subject of the consumer report.

19. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of each of the Classes are believed to be in excess of 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

20. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a. Whether Defendants violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without first obtaining from persons to whom they furnished such report a certification by such person as to each consumer report it furnished that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

   b. Whether Defendants' violations were willful.

21. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

22. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

23. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA classes under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;
2. For statutory damages;
3. For punitive damages;
4. For attorney's fees and costs;
5. For interest as provided by law;

**Complaint**

6. For such other and further relief as the Court deems proper.

Dated: March 30, 2015

THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Robert Stone