Geoffrey S. Harper (harper@fr.com)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Michael R. Headley (SBN 220834 / Headley@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
STERLING INFOSYSTEMS, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STONE, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING INFOSYSTEMS, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. 2:15-cv-00711-MCE-DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STERLING'S MOTION TO STAY ALL PROCEEDINGS**<br><br>Date:       July 16, 2015<br>Time:      2:00 p.m.<br>Judge:    Hon. Morrison C. England<br>Trial Date:   n/a<br>Action Filed: March 30, 2015 |

## I.   INTRODUCTION

In this purported class action, Plaintiff Robert Stone alleges that Defendant Sterling Infosystems, Inc. ("Sterling") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff's Complaint alleges that Sterling (a consumer reporting agency) failed to comply with Section 1681b(b)(1) of the FCRA by allegedly failing to obtain requisite certifications from the end-users of

its background reports.  Critical to this Motion, *Plaintiff does not seek any actual damages nor does he allege any actual harm*.  Instead, Plaintiff seeks only statutory and punitive damages pursuant to 15 U.S.C. § 1681n.  Plaintiff, therefore, relies on the alleged violation of the statute alone to confer standing for this lawsuit.

The question of whether such "statutory standing" alone satisfies Article III's standing requirement has resulted in a split among the circuit courts.  To resolve that circuit split, the United States Supreme Court recently granted certiorari in another FCRA case in which the plaintiff sought no actual damages and alleged no actual harm – *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. April 27, 2015).  In that case, the question pending before the Supreme Court is:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

The U.S. Supreme Court's resolution of this question is directly applicable to this case.  If the Court agrees with those courts which have rejected "statutory standing," Plaintiff will have no standing to proceed with his case, and the U.S. Supreme Court's decision will require the dismissal of this lawsuit.

Given the potentially dispositive effect of the decision in *Spokeo* on this lawsuit, Sterling respectfully requests that this Court exercise its inherent power and stay all proceedings in this matter pending the Supreme Court's resolution of *Spokeo* and the constitutionality of "statutory standing."  As explained below, multiple factors support a stay of this matter:

First, granting a stay will conserve judicial resources and promote judicial efficiency.  There is a significant likelihood that the resolution of *Spokeo* will require the dismissal of Plaintiff's Complaint due to lack of standing.  If this case proceeds in the face of *Spokeo*, this Court undoubtedly will address discovery disputes, class certification issues, and potential dispositive motions -- not to

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STERLING'S MOTION TO STAY ALL PROCEEDINGS (CASE NO. 2:15-CV-00711-MCE-DAD)

1 mention the standard and periodic case management issues involved in a
2 potentially large purported class action. If the Supreme Court ultimately rejects
3 "statutory standing," all of those spent judicial and party resources will have been
4 wasted.

5 Second, and for many of the same reasons, denying a stay will result in
6 significant damage to Sterling, and also to Plaintiff. The parties should not be
7 required to expend significant money and efforts in litigating a case where Plaintiff
8 ultimately may not even have standing to proceed. To go forward under such
9 circumstances would require the parties to engage in potentially pointless
10 discovery and motion practice. Moreover, Sterling would be forced to expend
11 significant costs in defending this action by, among other things, attempting to
12 identify members of the putative class, conducting electronic discovery, and
13 preparing an opposition to class certification. All of these resources will be
14 expended for naught if the U.S. Supreme Court determines that Plaintiff lacked
15 standing all along.

16 Third, granting a stay will not result in damage to Plaintiff. At this early
17 stage, Sterling has yet to even file a responsive pleading. Apart from the
18 preparation of a 23-paragraph Complaint, Plaintiff and his counsel have not
19 expended any real costs or time in this litigation. If the Supreme Court's decision
20 in *Spokeo* allows this case to proceed, Plaintiff may continue the litigation with
21 (fittingly) no actual harm to his lawsuit. Further, Plaintiff's lack of actual harm
22 also counsels in favor of a stay, as Plaintiff is not seeking to remedy any concrete
23 damage done to him through this lawsuit, but only an alleged technical violation of
24 a statute. Under such circumstances, a stay would result in little-to-no potential
25 prejudice to Plaintiff.

26 Accordingly, Sterling respectfully requests the Court to enter an order
27 staying all proceedings until the United States Supreme Court issues its decision in
28 *Spokeo*.

## II. RELEVANT PROCEDURAL HISTORY AND BACKGROUND

### A. Procedural History of this Case

On March 30, 2015, Plaintiff filed his Complaint. Dkt. No. 1. Plaintiff alleges that Sterling violated the FCRA by furnishing background reports on Plaintiff and other putative class members for employment purposes to Sterling's client, US Security Associates, without obtaining certification from US Security Associates of its compliance with Sections 1681b(b)(2) and (3) of the FCRA. *See* Complaint, ¶ 12. Plaintiff seeks to represent a class of "all persons . . . as to whom Sterling furnished consumer reports for employment purposes" over the last five years for whom Sterling allegedly did not obtain the FCRA-required certification. *Id.* ¶ 18. Plaintiff contends that Sterling's alleged failure to provide such certification violated Section 1681b(b)(1) of the FCRA. *Id.* ¶¶ 17-18.

Plaintiff's Complaint does not allege that Plaintiff suffered actual damages nor any actual harm. *See* Complaint, Prayer for Relief at 6-7. Nor does Plaintiff's Complaint allege that any purported class member suffered actual damages or actual harm. *Id.* Rather, Plaintiff alleges that Sterling is liable for statutory damages of between $100 and $1,000 for each alleged technical violation of the FCRA. *Id.* ¶ 17. Plaintiff also seeks punitive damages, based on his allegation that Sterling recklessly violated the FCRA. *Id.* ¶¶ 16-17.

### B. The Supreme Court's Pending Decision In *Spokeo*

On April 27, 2015, the U.S. Supreme Court granted certiorari in *Spokeo, Inc. v. Robins*, No. 13-1339. The Supreme Court's opinion will decide a legal question potentially dispositive of this action: whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute. Put simply, the Supreme Court's decision in *Spokeo* will directly address whether a plaintiff who suffers no actual damages has standing to seek statutory damages under the FCRA.
4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STERLING'S MOTION TO STAY ALL PROCEEDINGS (CASE NO. 2:15-CV-00711-MCE-DAD)

The district court dismissed the action in *Spokeo*, holding that a plaintiff does not have standing "where no injury in fact is properly pled." *Robins v. Spokeo, Inc.*, No. CV10-05306 ODW, 2011 WL 11562151, at *1 (C.D. Cal. Sep. 19, 2011). The Ninth Circuit reversed, holding that the "violation of a statutory right is usually sufficient injury in fact to confer standing" and that "a plaintiff can suffer a violation of the statutory right without suffering actual damages." *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413 (9th Cir. 2014).

In granting certiorari, the Supreme Court is poised to resolve a circuit split on this question. At present, the Fifth, Sixth, and Seventh Circuits agree with the Ninth Circuit's decision in *Spokeo*, and permit plaintiffs to maintain lawsuits without "injury-in-fact," and based solely on an alleged statutory violation. *See Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015) ("the maintenance of accurate DPS driving records is a cognizable interest the invasion of which confers standing"); *but see Peters v. St. Joseph Servs. Corp.*, No. 4:14-cv-2872, 2015 WL 589561, at *5 (S.D. Tex. Feb. 11, 2015) (plaintiff's speculation that she suffers a risk of future harm is not sufficient for Article III standing in FCRA case); *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705-07 (6th Cir. 2009) (allowing plaintiff to proceed with FCRA action despite lack of injury); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006) (statutory damages are available under the FCRA "without proof of injury").

In stark contrast, the Second, Third, and Fourth Circuits have held, consistent with relevant Supreme Court precedent, that Congress cannot create standing by statute alone, and the mere deprivation of a statutory right is insufficient to confer standing. *See Kendall v. Employees Retirement Plan of Avon Prods.*, 561 F.3d 112, 121 (2d Cir. 2009) (in ERISA matter, rejecting argument that deprivation of entitlement to fiduciary duty constitutes an injury-in-fact for purposes of standing); *David v. Alphin,* 704 F.3d 327, 338-39 (4th Cir. 2013) (rejecting the premise that mere deprivation of a statutory right is sufficient to

constitute an injury-in-fact for Article III standing in ERISA matter); *Doe v. Nat'l Bd. of Medical Examiners*, 199 F.3d 146, 153 (3d Cir. 1999) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury . . . Congress . . . cannot confer standing by statute alone."). *See also Raines v. Byrd,* 521 U.S. 811, 820 n.3 (1997) ("Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.").

## III. ARGUMENT

The Supreme Court's forthcoming decision in *Spokeo* ultimately could require the dismissal of Plaintiff's lawsuit. Considering the substantial possibility that an upcoming change in law will foreclose Plaintiff's reliance on statutory standing, this case should be stayed to promote judicial efficiency and conserve the litigants' resources. Moreover, because Plaintiff does not allege actual harm and seeks only statutory damages, Plaintiff cannot credibly claim prejudice from a stay.

### A. Legal Standard

"[T]he power to stay proceedings is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fernandez v. Obesity Research Institute, LLC*, No. 2:13-cv-975, 2013 WL 4587005, at *6 (E.D. Cal. Aug. 28, 2013) (England, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). This Court has "broad discretion in deciding whether to issue a stay . . . ." *Fernandez*, 2013 WL 4587005, at *6. Consistent with such "broad discretion," a "trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

In determining whether to grant a stay, the Ninth Circuit instructs district courts to weigh "the competing interests which will be affected by the granting or

6

refusal to grant a stay . . . ." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These competing interests include: (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the possible damage which may result from the granting of a stay." *Fernandez*, 2013 WL 4587005, at *6 (quoting *CMAX*, 300 F.2d at 268).

As explained below, each of the *CMAX* factors weigh heavily in favor of a stay.

> **B. The Court Should Enter A Stay Pending Resolution Of The Supreme Court's Decision In *Spokeo*.**
>
> **1. The "Orderly Course of Justice" would be promoted by a stay of proceedings.**

When considering whether the "resolution of independent proceedings" warrants a stay, courts are not bound to instances where the other proceedings are "controlling of the action before the court." *Munoz v. PHH Corp.*, No. 1:08-cv-759, 2011 WL 4048708, at *2 (E.D. Cal. Sept. 9, 2011). Nonetheless, the more controlling the legal issue to be decided in the independent proceeding, the more compelling the reason for a stay. *Id.* at *4. In *Munoz*, for example, the court granted a stay in a purported class action in a situation almost identical to the instant case. *Id.* In that case, the plaintiff alleged a technical violation of the Real Estate Settlement Procedures Act ("RESPA"), but did not allege any actual injury. *Id.* at *2. More than two years after the case was filed, the U.S. Supreme Court granted certiorari in another case to decide whether a "private purchaser of real estate settlement services [had] standing to sue under Article III . . . in the absence of any injury in fact." *Id.*

In granting the stay, the *Munoz* court recognized that the "Supreme Court's resolution of [the other proceeding] will provide direct authority on the standing issue; that is whether allegations of [technical RESPA violations], in the absence of an actual, distinct injury, are sufficient to confer Article III standing." *Id.* at *4. In

1  so holding, the court found that there was "no rational reason to proceed further in this case until the standing issue has been clarified by the Supreme Court." *Id.* Accord *McCarn v. HSBC USA, Inc.*, No. 1:12-cv-375, 2012 WL 1232334, at **2-4 (E.D. Cal. April 12, 2012) (same); *Alvarez v. T-Mobile USA, Inc.*, No. 2:10-cv-2373, 2010 WL 5092971, at **2-3 (E.D. Cal. Dec. 7, 2010) (granting motion to stay pending resolution of Supreme Court decision that would "be beneficial to the court in hearing this case because it could change or clarify the law").

As in *Munoz*, the resolution of *Spokeo* "will provide direct authority on the standing issue" in this case, by deciding whether allegations of technical FCRA violations alone are sufficient to confer Article III standing on a plaintiff who suffers no actual harm and seeks no actual damages. Given the impact of *Spokeo*, it would be a waste of judicial resources to require the parties to proceed with costly discovery, motion practice, and class certification proceedings. Indeed, as in *Munoz*, there is "no rational reason to proceed further in this case until the standing issue has been clarified by the Supreme Court."

Further, if this case is not stayed, the next six months to a year will absorb a substantial amount of the Court's time and resources on discovery issues, and depending on the case schedule, perhaps even dispositive motions and class certification motions. It would make little sense to undertake the significant expenditures of time, resources and costs to proceed with a purported class action that may ultimately be wiped away with one decision by the Supreme Court. In short, this Court should not spend its time on this case when the eventual decision in *Spokeo* could require the dismissal of Plaintiff's lawsuit.

**2. Sterling will suffer significant hardship if the case is not stayed.**

The next inquiry in the *CMAX* stay analysis is the inevitable "hardship" Sterling will suffer if this case is not stayed. As described above, if this case is not stayed, Sterling will be required to defend a potentially massive class action with

8

1  the very real likelihood that the Supreme Court's decision in *Spokeo* will render the
2  time and costs of such defense entirely pointless.

3        Plaintiff seeks to represent a class of "all persons . . . as to whom Sterling
4  furnished consumer reports for employment purposes" over the last five years
5  without first obtaining the required certification under Section 1681b(b)(1) of the
6  FCRA.  As Plaintiff's Complaint challenges Sterling's compliance with Section
7  1681b(b)(1), Plaintiff essentially seeks to represent every consumer on whom
8  Sterling prepared a background report over the last five years.  Plaintiff's own
9  modest calculation admits that this number is "in excess of 1,000" individuals.  In
10 fact, Plaintiff's proposed class could well exceed this number by a material
11 amount.

12       Although Sterling denies Plaintiff's allegations and denies that class
13 treatment is appropriate, if this case is not stayed, Sterling will be forced to begin
14 the herculean effort of defending against Plaintiff's allegations and intent to certify
15 his purported class.  Defending a class action of that size will necessarily require
16 Sterling to expend substantial resources.  The discovery process alone will be
17 incredibly burdensome.  With the strong possibility that *Spokeo* may render those
18 efforts moot, Sterling faces significant hardship if this case is not stayed.

19       **3.    Plaintiff will not suffer prejudice from a stay.**

20       Finally, Plaintiff cannot credibly claim prejudice from having to wait
21 slightly longer to pursue his claim, ***because he claims no actual harm***.  Plaintiff
22 does not seek actual damages, but rather, statutory and punitive damages.
23 Complaint, ¶ 17.  Plaintiff therefore seeks only to vindicate an alleged technical
24 violation of the FCRA *that caused no harm*.  In the absence of redressing actual
25 harm, a short stay of a reasonably knowable duration — likely to be no more than
26 six months, and unlikely to exceed a year — does not constitute unfair prejudice to
27 Plaintiff.  "[T]he individual may be required to submit to delay not immoderate in
28

extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

Plaintiff will likely argue that, under existing Ninth Circuit precedent, he (at least for the moment) has standing to proceed. Plaintiff will also undoubtedly argue that a stay would prejudice him by preventing him from proceeding with litigation that he currently has a right to pursue. That argument, however, runs squarely into the fact that the Supreme Court is about to decide whether plaintiffs who lack actual harm have standing. If Plaintiff's claim attempted to redress actual harm, reliance on current Ninth Circuit law would be more convincing. But denying this Motion and permitting Plaintiff to proceed would be nothing more than allowing him to attempt to run up the costs of litigation and/or attempt to extract a settlement before a potentially adverse Supreme Court decision that would quash his lawsuit altogether.

Furthermore, this case is still in its infancy. Plaintiff and his counsel cannot have expended significant costs to date. The Complaint is only 23 paragraphs. There has been no discovery to date. At most, Plaintiff's counsel has conducted a preliminary investigation to warrant the filing of the 23-paragraph Complaint. Indeed, although Plaintiff may disagree, the most likely scenario is that his interests are *protected*, rather than prejudiced, by a stay. Considering the substantial amount of resources that will go into this case in the next six-to-twelve months if not stayed, likely including extensive motion practice, Plaintiff and his counsel could invest significant time and money in a case that ultimately must be dismissed for lack of standing. A short stay to await a precedential ruling is thus in each party's interest.

## IV.  CONCLUSION

For the foregoing reasons, Sterling respectfully requests that the Court grant its motion to stay all proceedings in this matter pending resolution of the United States Supreme Court's Decision in *Spokeo v. Robins*.

10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STERLING'S MOTION TO STAY ALL PROCEEDINGS (CASE NO. 2:15-CV-00711-MCE-DAD)**

DATED: June 12, 2015                Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ Michael R. Headley_____
Michael R. Headley

Attorneys for Defendant

STERLING INFOSYSTEMS, INC.

11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STERLING'S MOTION TO STAY ALL PROCEEDINGS (CASE NO. 2:15-CV-00711-MCE-DAD)**