1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT STONE, an individual, on          No.  2:15-cv-00711-MCE-DAD
     behalf of himself and others similarly
12   situated,

13                 Plaintiffs,                 **MEMORANDUM AND ORDER**

14          v.

15   STERLING INFOSYSTEMS, INC. and
     DOES 1 through 10,
16
                   Defendants.
17

18
          In this putative class action Fair Credit Reporting Act ("FCRA") case, Plaintiff
19
     Robert Stone ("Plaintiff") alleges that Defendant Sterling Infosystems ("Defendant") failed
20
     to obtain required certifications from potential employers prior to conducting background
21
     checks on job applicants.  Defendant has filed three simultaneous motions in this case:
22
     (1) Motion to Transfer Venue (ECF No. 7), (2) Motion to Dismiss (ECF No. 8), and (3)
23
     Motion to Stay (ECF No. 9).   For the reasons discussed below, Defendant's Motion to
24
     Stay is GRANTED, and Defendant's Motion to Dismiss and Motion to Transfer are
25
     DENIED without prejudice.[1]
26
     ///
27   _____

28        [1] Because oral argument would not have been of material assistance, the Court ordered this
     matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

                                            1

**BACKGROUND**

Plaintiff's Complaint asserts a single FCRA claim for violations of 15 U.S.C. § 1681b(b)(1).  Pursuant to § 1681b(b)(1), a consumer agency like Defendant may furnish a consumer report for employment purposes only if the potential employer certifies to the consumer agency that the employer is in compliance with other specific sections of FCRA.  The Complaint asserts that Defendant provided Plaintiff's consumer report to US Security Associates without obtaining the required certification of compliance from US Security Associates.  Plaintiff seeks to represent a class of "all persons . . . as to whom [Defendant] furnished consumer reports for employment purposes" over the last five years for whom Defendant allegedly did not obtain the FCRA-required certification.  Compl., ECF No. 1, ¶ 18.

Plaintiff has not alleged any harm from Defendant's FCRA violation.  His consumer report was clean, and Plaintiff does not allege any adverse employment actions from the release of information.  See Pl.'s Background Report, ECF No. 8-1, Exhibit A.  Plaintiff is seeking damages solely from Defendant's alleged violation of the statute.  See Compl., Prayer for Relief at 6-7, ¶¶ 16-17 (seeking statutory damages for each FCRA violation and punitive damages).  Despite his lack of actual harm, Plaintiff has standing to pursue this claim under the precedent set in Robins v. Spokeo, Inc., 742 F.3d 409, 412-14 (9th Cir. 2014).  In Robins v. Spokeo, the Ninth Circuit held that the plaintiff had sufficiently alleged Article III standing, regardless of whether he had sufficiently alleged actual harm, by merit of his claims for willful violations of FCRA. However, the United States Supreme Court recently granted the petition for writ of certiorari in Robins v. Spokeo.  See Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015).  The question before the Supreme Court is "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."  Spokeo, Inc. v. Robins, 13-1339, "Question

1   Presented," available at http://www.supremecourt.gov/qp/13-01339qp.pdf (last visited

2   July 20, 2015).  Defendant argues that the Supreme Court's decision on the appeal

3   could deprive Plaintiff of standing and therefore deprive this Court of subject matter

4   jurisdiction.  Accordingly, Defendant requests that this case be stayed pending the

5   Supreme Court's decision in order to conserve judicial and party resources.  The Court

6   agrees that this is the most prudent approach.

7

8                                          **STANDARD**

9

10          A federal district court has broad discretion in deciding whether to issue a stay.

11   Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).  Indeed, "[a]

12   trial court may, with propriety, find it is efficient for its own docket and the fairest course

13   for the parties to enter a stay of an action before it, pending resolution of independent

14   proceedings which bear upon the case."  Leyva v. Certified Grocers of Cal., Ltd.,

15   593 F.2d 857, 863 (9th Cir. 1979).  This rule "does not require that the issues in such

16   proceedings are necessarily controlling of the action before the court."  Id. at 863-64.

17   Nonetheless, "[w]here it is proposed that a pending proceeding be stayed, the competing

18   interests which will be affected by the granting or refusal to grant a stay must be

19   weighed."  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  "Among these

20   competing interests are the possible damage which may result from the granting of a

21   stay, the hardship or inequity which a party may suffer in being required to go forward,

22   and the orderly course of justice measured in terms of the simplifying or complicating of

23   issues, proof, and questions of law which could be expected to result from a stay."  Id.

24   ///

25   ///

26   ///

27   ///

28   ///

1

**ANALYSIS**

2

3      The competing interests in this case favor a stay.  The Supreme Court's decision

4   in Spokeo will provide direct authority on whether Plaintiff has standing to bring this

5   case.  Because Plaintiff did not suffer any actual harm and relies solely on Defendant's

6   statutory violation to establish standing, a decision by the Supreme Court overturning the

7   Ninth Circuit's holding would deprive the Plaintiff of standing to bring his claim and

8   deprive this Court of subject matter jurisdiction.

9      In his Opposition to the Motion to Stay, Plaintiff first argues that "grants of

10   certiorari do not themselves change the law."  Opp'n, ECF No. 15, at 4.  That argument

11   overlooks the importance of standing throughout the litigation.  Plaintiff has the burden of

12   proving standing at all points during the litigation.  See Lujan v. Defenders of Wildlife,

13   504 U.S. 555, 561 (1992) (standing must be present from the pleading stage through

14   trial); see also Davis v. Federal Election Commission, 554 U.S. 724, 734 (2008) ("the

15   proof required to establish standing increases as the suit proceeds").  Thus, even if

16   Plaintiff currently has standing under existing Ninth Circuit precedent, he could be

17   deprived of standing by the Supreme Court's decision and this case would have to be

18   dismissed.  This dismissal could occur a year from now, after significant party and

19   judicial resources are expended.

20      Plaintiff also argues that he should be allowed to conduct initial discovery on class

21   certification while the Supreme Court considers Spokeo.  But the potential size of

22   Plaintiff's class is thousands of individuals.  The Court sees no reason why Plaintiff

23   should be allowed to conduct discovery on this large class, thereby forcing Defendant to

24   incur unnecessary expenses, until it can be established that this case will be proceeding.

25   Additionally, any discovery disputes that must be adjudicated by the Court would be an

26   unnecessary use of judicial resources.  Issues regarding class certification could also

27   arise during the next year, causing the expenditure of additional party and judicial

28   resources.  Further, Plaintiff will not be materially harmed by a stay pending resolution of

1  the Spokeo appeal.  The Supreme Court will decide Spokeo within the next twelve

2  months per the Supreme Court's customary practice.  As Plaintiff has suffered no actual

3  harm, the risk of prejudice from delaying a decision on this case for one year is low.

4      Based on the foregoing, the Court concludes that staying this action until the

5  Supreme Court issues an opinion in Spokeo would be efficient for the Court's own

6  docket and the fairest course for the parties.  See Leyva, 593 F.2d at 863.  Accordingly,

7  the Court grants Defendant's Motion to Stay.  In light of this ruling, the Court does not

8  reach the merits of Defendant's Motion to Dismiss and Motion to Transfer, both of which

9  are denied without prejudice.

10

11                          **CONCLUSION**

12

13      For the reasons stated above, Defendant's Motion to Stay (ECF No. 9) is

14  GRANTED.  Further proceedings in this Court are STAYED pending the resolution of the

15  appeal of Robins v. Spokeo, Inc., 742 F.3d 409 (9th Cir. 2014) by the Supreme Court.

16  Not later than ten (10) days after a decision is reached in Spokeo, Defendant is directed

17  to inform this Court of the status of this case and move to lift the stay.

18      In light of this ruling, the Court DENIES Defendant's Motion to Transfer Venue

19  (ECF No. 7) and Motion to Dismiss (ECF No. 8) without prejudice.  Defendant may refile

20  these motions once the stay is lifted.

21      IT IS SO ORDERED.

22  Dated:  July 28, 2015

23

24

25  _____
    MORRISON C. ENGLAND, JR, CHIEF JUDGE

26  UNITED STATES DISTRICT COURT

27

28